UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA, et al.,<br><br>  Defendants. | Case No.: 2:24-cv-01237-APG-NJK<br><br>**ORDER** |

Plaintiff initiated this case with 51 pages of documents, starting with a document titled "Initiative Docketing Statement Civil Scriptous Redress."  Docket No. 1-1.  The 51 pages of documents appear to include six separate civil rights complaints, three requests for appointment of counsel, and multiple other documents including certificates or motions for service and exhibits. *Id.*  For the reasons discussed below, the Court denies Plaintiff's requests for appointment of counsel and orders him to file a single, complete complaint.

**I.  DISCUSSION**

  **A.  Plaintiff must file a single, complete complaint.**

A complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8.  "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form."  LSR 2-1.  Furthermore, a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

A basic lawsuit is a single claim against a single defendant.  FRCP 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.  FRCP 20(a)(2)

allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims that involve different defendants, however, must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Plaintiff's initiating documents include at least 6 different documents with titles indicating that they are a civil rights complaint. Docket No. 1-1 at 3, 12, 16, 19, 24, 31. These documents include different claims and different defendants. *Id.* Furthermore, many of the pages included in Plaintiff's initiating documents are illegible. It is not clear whether Plaintiff intended to file all these complaints in a single case or whether he intended to open multiple different cases. It is also not clear which, if any, of these documents represent the complaint or the claims that Plaintiff wishes to pursue in this case. Accordingly, the Court does not accept any of the filed documents as an operative complaint in this case.

If Plaintiff wants to proceed with this action, he must file a single, signed complaint that is legible, concerns matters that he is not pursuing in any other lawsuit, and brings only those claims and defendants that are sufficiently related to be brought in a single action. The complaint must be on this Court's approved civil-rights form or contain substantially all the information called for by the form, and it may not exceed 30 pages. Plaintiff is cautioned that the Court may disregard any document that does not comply with these requirements.

**B. The requests for appointment of counsel are denied without prejudice.**

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C.

§ 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quotation omitted). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Plaintiff filed three different motions for appointment of counsel. Docket No. 1-1 at 26, 40, 44. However, it is not clear which claims Plaintiff is pursuing in this case. Therefore, the Court cannot assess whether exceptional circumstances exist to support the appointment of counsel. Accordingly, the requests for appointment of counsel are denied without prejudice.

## II.   CONCLUSION

IT IS ORDERED that Plaintiff's requests for appointment of counsel, Docket No. 1-1 at 26, 40, 44, are **DENIED** without prejudice.

IT IS FURTHER ORDERED that, no later than **August 16, 2024**, Plaintiff must submit a single complete complaint, indicating the claims and defendants that Plaintiff is pursuing in this specific action to this Court.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when he can file a complaint and either pay the required filing fee or file a complete application to proceed in forma pauperis.

The Clerk of the Court is **INSTRUCTED** to send Plaintiff the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same, as well as a courtesy copy of his initiating documents. Docket No. 1-1.

IT IS SO ORDERED.

DATED: July 17, 2024.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE